IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv1086-MEF |
| ) | |
| ONE 2000 DODGE RAM TRUCK, ) | (WO- Do Not Publish) |
| VIN: 1B7MC3364YJ125177, WITH ) | |
| ALL APPURTENANCES AND ) | |
| ATTACHMENTS THEREON, ) | |
| ) | |
| DEFENDANT. ) | |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on January 4, 2008, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL**:

   For the Plaintiff: John T. Harmon

   For Claimants Deborah Sheppard and Danny Hilburn: Bruce Maddox

   **COUNSEL APPEARING AT PRETRIAL HEARING**:

   (same as trial counsel).

2. **JURISDICTION AND VENUE**:

Jurisdiction is predicated on Title 28, United States Code, Section 1345 and Section 1355. Venue is proper as the Defendant property is physically located within the Middle District of Alabama.

3. **PLEADINGS**: The following pleadings and amendments were allowed:

   a. Verified Complaint for Forfeiture In Rem;

      b.      Order for Warrant and Summons for Arrest <u>In</u> <u>Rem</u>;

      c.      Claim of Deborah Sheppard;

      d.      Claim of Danny Hilburn;

      e.      Answer of Deborah Sheppard;

      f.      Answer of Danny Hilburn.

**4.    CONTENTIONS OF THE PARTIES**:

    **a. The United States of America**

The Defendant vehicle was used or intended to be used to transport, or facilitate the transportation, sale, receipt, possession or concealment of controlled substances in violation of Title 21, United States Code, Section 841 <u>et</u> <u>seq.</u>, and the Defendant vehicle constitutes the proceeds of an illegal exchange of controlled substances for things of value in violation of Title 21, United States Code, Section 841 <u>et</u> <u>seq.</u>; therefore, the Defendant vehicle is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(4) and Title 21, United States Code, Section 881(a)(6).

On March 7, 2006, officers were called to a gas station in Prattville, Alabama, regarding a customer (hereinafter, "Hilburn") who was not able to pay for gas he had just pumped into his truck (hereinafter, "Defendant property").

Upon arrival, the store clerk told officers that Hilburn pumped his gas, then went into the restroom where he had been for a long period of time. The clerk further stated that Hilburn carried a black bag into the restroom with him.

As Hilburn exited the restroom, officers approached him and asked if he was carrying a weapon. Hilburn stated that he did have a knife but was not sure where it was located. Officers found no weapons on Hilburn but did find approximately two grams of methamphetamine inside the black bag that belonged to Hilburn.

Officers read Hilburn his rights and asked permission to search the Defendant property. When asked about the methamphetamine, Hilburn stated that he purchased it from a random guy on the street while driving around Birmingham, Alabama. Hilburn told officers that he was traveling from Birmingham, Alabama back to Florida.

During a search of the Defendant property, officers found food, water, clothing, knives, bullets, a pistol, a rifle, and two broken Hydrocodone pills. Hilburn stated the Defendant property belonged to him and he used it on his firing range and doing work for FEMA. The Defendant property is registered in the name of Deborah Sheppard (hereinafter, "Sheppard"). Hilburn stated that Sheppard was his fiancee and they purchased the Defendant property together.

Hilburn was arrested and taken to Prattville Police Department. During the time warrants were being signed, Hilburn's cell phone began ringing. The investigator told Hilburn it was Sheppard. With Hilburn's persmission, the investigator spoke with Sheppard and told her to call the Prattville Police Department. With permission, Sheppard was told what Hilburn was charged with and that the Defendant property was subject to forfeiture. Sheppard stated that "the vehicle is Danny's [Hilburn] but it's in my name."

A check of the Defendant property's title history revealed that it was purchased on October 3, 2005 from North Alabama Wholesale Autos in Cullman, Alabama for $7,500.00 cash with a $10,000 trade in. No lien is shown on the Defendant property.

In order to prevent law officials from discovering or seizing their assets, drug dealers often use a relative, or associate (who is not connected to the drug business) as a "straw" or nominee owner. The "straw" owner holds legal title to the property, but the true owner retains dominion, and control of the property. The recorded title shows Sheppard as the registered owner of the Defendant property.

      **B. Claimants Deborah Sheppard and Danny Hilburn**

The owner of the vehicle is an innocent owner who had no knowledge of any illegal use of the vehicle and had no reasonable cause to believe that the vehicle would be used in any illegal way.

The vehicle was part of her business and her understanding was that it was being used solely for business purposes.

That forfeiture of the vehicle would violate the Excessive Fines Clause of the United States Constitution.

The evidence that indicates possible use of the vehicle to transport or facilitate the possession of narcotics was the result of an illegal search and seizure and therefore should be suppressed.

     5.     **STIPULATIONS BY AND BETWEEN THE PARTIES**:

NONE

It is ORDERED that:

(1) The non-jury trial of this cause, which is to last one (1) day, is set for February 4, 2008, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3) The government is required to file proposed findings of fact and conclusions of law by January 28, 2008. The claimant is required to file proposed findings of fact and conclusions of law by January 28, 2008. The parties are also directed to e:mail their proposed findings of fact and conclusions of law to *propord_fuller@almd.uscourts.gov* in WordPerfect format by the dates specified above.

(4) The parties in this case are required to file trial briefs by January 28, 2008..

(5) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), **three copies** of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(6)     All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #12) entered by the court on June 6, 2007;

(7)     All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

    DONE this 14th day of January, 2008.

                                                         /s/ Mark E. Fuller
                                        CHIEF UNITED STATES DISTRICT JUDGE